# STATE OF FLORIDA v. FULLER
### Case No. 83-6720
Seventeenth Judicial Circuit, Broward County
May 9, 1984

## APPEARANCES OF COUNSEL

**Christopher Pole,** State Attorney's Office, for plaintiff.
**Eddie Fuller,** pro se.

## OPINION OF THE COURT

J. LEONARD FLEET, Circuit Judge.

Defendant, Eddie Fuller, is before the Court for sentencing pursuant to a jury verdict finding him guilty of the second-degree felony of delivery of cocaine in violation of F.S. 893.03(2)(a)(4) and F.S. 893.13(1)(a)(1). Mr. Fuller elected to represent himself at his trial, having previously rejected the services of the office of the Public Defender and private attorney Chesley Morton. The Court directed that Ms. Susan Porter, an Assistant Public Defender, function as standby counsel for Mr. Fuller at his trial. Despite the excellent advice from Ms. Porter and the efforts of Mr. Fuller, he was found guilty of the charges as set forth in the Information filed in this cause.

Mr. Fuller, at the time of the violation of law for which he now stands convicted, was on parole from the Florida Department of Corrections after having served twelve years of a 75 year sentence for breaking and entering with the intent to commit rape. As a result of the charge for which he now stands convicted, there is now a parole violation proceeding pending against Mr. Fuller.

From the time of his first appearance in Court for his arraignment, Mr. Fuller has covertly and overtly displayed an attitude of anger towards the judicial system in particular and society in general. The Court has been impressed by Mr. Fuller's expressed disdain for the law enforcement officer responsible for his present incarceration as well as his demonstrated dislike for those members of society who do not adhere to his interpretation of approved conduct. Unfortunately for both Mr. Fuller and society, his perception of acceptable behavior is at odds with that which is necessary to insure at least a modicum of orderliness and tranquility. To Mr. Fuller, survival by one's wits has been his way of life for a significant period of time. When one examines Mr. Fuller's record of success, or more accurately, his record of failures, one cannot help but wonder whether he has been fighting the battle of wits without the proper armament.

Although Mr. Fuller did not testify during his trial before this Court, it was clear from the questions that he propounded to the State's witnesses that his defense was predicated upon the proposition that Detective Goldenberg is a liar and was committing perjury in order to achieve the conviction of Mr. Fuller. The jury chose to believe the testimony of the State's witnesses and the Court is in full accord with that decision. Mr. Fuller spoke directly to the Court at various times and made the same accusations and, when interviewed by the probation officer detailed to prepare the presentence investigation report for the Court, he made the same accusations as before. To paraphrase Shakespeare's Hamlet, Act III, scene 2, The gentleman doth protest his innocence too much.

Mr. Fuller's life has been one of criminal conduct for far too long. That aspect of his personality has been taken into consideration by the applicable sentencing guidelines. What has not been considered by the guidelines is the obvious misrepresentations made to the Court during his various appearances and to the jury that sat in judgment of the facts in the instant case. To argue the paucity of evidence, the ambiguity or conflict in that offered by the State in support of its case, or the perceived application of law from the standpoint of the accused is acceptable and, indeed, appropriate. To deliberately engage in a

113

pattern of conduct designed to mislead the jury, or to accuse one of perjury when the contrary is obvious (especially in a situation in which the target of the perjury accusation cannot mount any defense) is scurrilous conduct deserving of severe punishment. Intellectual combat within the American system of justice demands that all those who labor in our judicial system do so with that degree of candor that bespeaks allegiance to the ideals of a free society. Mr. Fuller has failed miserably in accepting his responsibilities concerning judicial protocol but he still demands that he derive the full benefit of our democratic society.

A common denominator that seems to run throughout the entirety of Mr. Fuller's contacts with law enforcement authorities and the criminal justice system is that he is never the party at fault. Time and time again, Mr. Fuller blames others for his problems with the law. Constantly he is the victim of misidentification or perjury if his assertions are to be believed. This Court cannot take any position as to what the truth is insofar as it concerns those matters not put to issue before it. On the other hand, this Court is satisfied that such assertions in the matter now before it are without foundation.

The foregoing considered, it is

ORDERED and ADJUDGED that:

1. The Defendant be incarcerated in the Department of Corrections of the State of Florida for a period of six (6) years.

2. The Court does hereby find that Eddie Fuller is a clear and present danger to society, such finding being based upon his having been on parole at the time the offense with which we are here concerned was committed and because of the patent misrepresentations that have been made by said Defendant throughout the course of these proceedings.